**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:05-CR-391-BES-RJJ |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| ADOLFO DEPAZ-ORTIZ, | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 19, 2006, Adolfo Depaz-Oriz ("Defendant") filed a Motion to Dismiss Based on a Prior Unlawful Deportation (#18). The Government had until February 2, 2006 to file a response to this Motion (#18); however, no response was filed. On February 17, 2006, the Magistrate Judge entered a Report and Recommendation (#19) that the Defendant's Motion to Dismiss (#18) be granted. The Government failed to file an objection to the Magistrate Judge's recommendation.

For the following reasons, this Court adopts and accepts the Magistrate Judge's Report and Recommendation (#19).

**I. DISCUSSION**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1) (2005). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those

portions of the [report and recommendation] to which objection is made."[1] Id. Nevertheless, the statute does not "require[ ] some lesser review by [this Court] when no objections are filed." Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Instead, under the statute, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Id. at 149. Similarly, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. See United States v. Reyna-Tapia, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); see also Schmidt v. Johnstone, 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in Reyna-Tapia as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this Court may accept the recommendation without review. See e.g., Johnstone, 263 F.Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In the Report and Recommendation (#19), the Magistrate Judge noted that the Government failed to file a response to Defendant's Motion to Dismiss (#18). The Magistrate Judge then recommended that this Court grant Defendant's Motion to Dismiss (#18) pursuant to Local Rule of Criminal Procedure 47–9.[2] The Government again failed to respond by not filing an objection to the Magistrate Judge's Report and Recommendation (#19). Because no objections were filed, this Court is not required to review the Report and Recommendation (#19), and therefore accepts it.

---

[1] For an objection to be timely, a party must serve and file it within 10 days after being served with the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (2005)

[2] Local Rule of Criminal Procedure 47–9 states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The Ninth Circuit has recognized that it is proper to grant a motion to dismiss an indictment for failure to respond pursuant to such a rule. United States v. Warren 601 F.2d 471, 473–74 (9th Cir. 1979).

## II. Conclusion

IT IS HEREBY ORDERED that this Court adopts and accepts the Magistrate Judge's Report and Recommendation (#19). Accordingly, Defendant's Motion to Dismiss Based on a Prior Unlawful Deportation (#18) is granted.

IT IS SO ORDERED.

DATED: This 15th day of March 2006.

_____
UNITED STATES DISTRICT JUDGE